## JONES VS. AUSTIN.

A writ made returnable at a time other than that fixed by law, is irregular, and may be abated. *Murphy vs. Williams,* 1 *Ark. R.* 333; *Featherston vs. Wilson,* 3 *Ark.* 387; *Ferguson vs. Ross,* 5 *Ark.* 518.

All original writs must be made returnable to the first regular term thereafter, unless they be issued within fifteen days of the first term; and not to a term held under *sec.* 5, *ch.* 47, *Digest.*

The act (*sec.* 5, *ch.* 47, *Digest,*) authorizing the judge to hold court at a subsequent day, on failure at the regular term, is a general law, and applies as well to courts whose terms may be subsequently prescribed, as to those whose terms were fixed at the passage of the act.

*Appeal from the Circuit Court of Drew County.*

Hon. JOHN C. MURRAY, Circuit Judge.

PIKE & CUMMINS, for appellant. The court erred in sustaining the demurrer to the plea:

1st. Because act of December 28th, 1840, (*sec.* 5, *chap.* 47, *Rev. St.,*) is not a general law. It only warrants terms 8 weeks after regular terms, on failures at the times fixed in that act — not where failures occur under subsequent acts.

2d. There can be but two return terms in the year. *Chap.* 47, *Rev. Stat., p.* 302; *sec.* 4, *ch.* 126, *Rev. Stat.; sec.* 9, *chap.* 67, *Rev. Stat.*

3d. *Section* 5 *ch.* 47, declares the judge shall hold court 8 weeks after regular terms in certain cases; and, in other cases, the judge shall fix the time himself. It is the same in both cases as if the judge had met at regular terms and adjourned to a particular

day, under *sec.* 20, *ch.* 50, *Rev. Stat. Dunn vs. State,* 2 *Ark.* 229; 2 *How. Miss. Rep.* 422 ; 2 *Mass.* 435 ; 6 *Yerg.* 395.

FOWLER, for appellee. For Austin, it is insisted, that the demurrer was rightfully sustained; and there is no other question presented by the record.

Mr. Justice WALKER delivered the opinion of the Court.

This was an action of assumpsit, commenced in the Drew Circuit Court, by Austin against Jones. The writ issued on the 30th of March, 1854, and was made returnable at the court-house, in the town of Monticello, in the county of Drew, on the first day of the next May term of the Circuit Court for said county, it being the 22d day of May, A. D. 1854. It appears that there was no May term of the court held in that county; but, at the September term, 1854, the defendant appeared and filed a plea in abatement, upon the ground, that by law, there was no May term of the Circuit Court appointed to be held in said county, but that the true and regular terms for holding court in said county, were the fourth Mondays in March and September. To this plea, the plaintiff demurred, and the court sustained the demurrer, and rendered final judgment in favor of the plaintiff, from which the defendant appealed.

That a writ made returnable at a time, other than that fixed by law, is irregular, and may be abated, is a question well settled by this court. *Murphy vs. Williams,* 1 *Ark. Rep.* 383; *Featherston vs. Wilson,* 3 *Ark. R.* 387 ; *Ferguson vs. Ross,* 5 *Ark. R.* 518.

The only question is one of fact: was the writ in this case made returnable to a term of the court prescribed by law. *Sec.* 4, *ch.* 126, *Digest Statutes,* provides, that "Every original writ shall be dated on the day it issues, and shall be made returnable to the first term of the court thereafter, unless such first term be within fifteen days thereafter; then such writ shall be made returnable to the first day of the second term." And by the act of the 8th

of January, 1849, the Circuit Courts of Drew county were directed to be held on the fourth Mondays in March and September. This act was in force when this writ issued, and as these are the only regular return terms fixed by law, it follows, that the writ in this case made returnable to the May term, was not made returnable at the time prescribed by law; unless the plaintiff could claim the benefit of the *5th sec. of the 47th chap., Digest*, which provides, "That whenever, for any cause, any judge of the Circuit Court shall fail to hold any of his courts, at the terms hereinbefore provided for, he shall hold a term of said court to commence on the eighth Monday thereafter, unless the term of some other court, in the same circuit, shall fall on said eighth Monday; and then, and in that case, said judge shall fix upon some convenient time for holding a term of said court," &c.

The writ in this case, seems to have been made returnable to a time, eight weeks after the time fixed by law, and perhaps for the reason that there was no regular term of the Drew Circuit Court, held on the fourth Monday in March, 1854.

It is contended by counsel, that this section has direct reference to the act of 1846, 1847, fixing the time for holding courts in Drew county, which has since been repealed by the act of 1849, which fixes a different time for holding said courts. In this, we think the counsel mistaken. This is a general provision applicable to all the courts, and might well stand, notwithstanding a change in the time of holding the courts in said county. But giving to this section full effect, and conceding that the court was not held in that county at its regular term, (of which we are uninformed) and that the writ in this case was made returnable eight week thereafter; the question is, did the Legislature intend, by this section, to establish another regular return term for the court, or was this adjourned term only intended to try the cases then on the docket; and which, by reason of such failure, remained undetermined. That such was the intention of the Legislature, we think most probable. It was not for the purpose of affording an opportunity to hear and determine new suits, but to

dispose of those already brought, the trial of which had been delayed by some unavoidable occurrence, and to perform the other necessary business incident to the regular term.

A different construction would not harmonize with several other provisions of the statute, which provide for the return of writs, and in case the writ should be issued within fifteen days of any regular term, that it should be made returnable to the second term of the court.

In view, therefore, of the several sections of the statute, and the probable intention of the Legislature, we are of opinion that the writ in this case should have been made returnable to the next regular term of the Circuit Court, and not the special term, (if indeed there was any failure to hold the court at the regular term, and if there was no conflict between such special term, and some other regular term of another of the courts in that circuit,) and should have been abated.

The Circuit Court, therefore, erred in sustaining the demurrer of the plaintiff to the defendant's plea in abatement; and for this error, the judgment must be reversed, and the cause remanded for further proceedings therein to be had, according to law, and not inconsistent with this opinion.